UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GEVHC, LLC,

      Plaintiff,

v.

David T. Redburn, Zenar Investments, Inc.,
United States of America, Intersavings Bank, FSB,
John Doe, Jane Roe, ABC Company, and all other
persons unknown claiming any right, title, estate,
interest, or lien in the real estate described herein,

      Defendants.

Civil No. 07-3875 (JNE/JJG)
ORDER

---

C. Alden Pearson, Esq., C. Alden Pearson, P.A., appeared for Plaintiff GEVHC, LLC.

Defendant David T. Redburn appeared pro se.

Defendant Zenar Investments, Inc., did not appear.

Roylene Champeaux, Esq., Office of the United States Attorney for the District of Minnesota, appeared for Defendant United States of America.

Defendant Intersavings Bank, FSB, did not appear.

---

GEVHC, LLC, brought this action to quiet title and for slander of title in state court, and the United States of America removed the action to federal court. *See* 28 U.S.C. § 1444 (2000). GEVHC claims that it owns the real property located at 4100 Brunswick Avenue North, Crystal, Minnesota (Crystal Property), subject only to a mortgage held by Intersavings Bank, FSB. GEVHC also claims that David Redburn and his company, Zenar Investments, Inc. (Zenar), are liable for slander of title. The primary issue in the case is whether a warranty deed dated September 1, 2005, and recorded on November 27, 2006, is fraudulent. The deed purports to convey the Crystal Property from GEVHC to Zenar. The United States claims that judgment

1

liens filed against Redburn are valid liens against the Crystal Property. The case is before the Court on GEVHC's motion for default judgment and motion for partial summary judgment. For the reasons set forth below, the Court grants the motions.

*Default judgment*

According to GEVHC, Zenar defaulted because the answer that Zenar submitted is not signed by a licensed attorney.[1] GEVHC seeks declarations that the warranty deed that allegedly conveyed the Crystal Property from GEVHC to Zenar is null and void and that Zenar has no right, title, interest, or estate in the property.

A corporation must appear in federal court through a licensed attorney. *See, e.g.*, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993); *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996); *United States v. Van Stelton*, 988 F.2d 70, 70 (8th Cir. 1993) (per curiam); *Carr Enters., Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983). The answer that Zenar purports to have submitted is signed by Redburn, and he is not authorized to practice law. He was suspended from the practice of law in August 2005 and disbarred in March 2008. *In re Redburn*, 746 N.W.2d 330, 331 (Minn. 2008) (per curiam). Acknowledging that it is "well established that a corporation must be represented by an attorney in a legal proceeding," Redburn nevertheless contends that Zenar does not need to appear through an attorney—or even to participate in the litigation other than as a named party—because Zenar assigned its interest in the Crystal Property to him.

"An assignment operates to place the assignee in the shoes of the assignor, and provides the assignee with the same legal rights as the assignor had before assignment." *Ill. Farmers Ins.*

---

[1] According to GEVHC, Zenar served an answer on February 28, 2008, but the answer was not timely filed. *See* D. Minn. LR 5.3 (requiring an answer to be filed within ten days after service). The Joint Answer of David T. Redburn and Zenar Investments, Inc., appears in the record only as an exhibit attached to an affidavit filed by Redburn on June 18, 2008.

*Co. v. Glass Serv. Co.*, 683 N.W.2d 792, 803 (Minn. 2004).  Federal courts have refused to countenance circumvention of the requirement that a corporation be represented by counsel through the corporation's assignment of a claim to a non-lawyer.  *See Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385-86 (11th Cir. 1985); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 23 (2d Cir. 1983).  Accordingly, the Court rejects Redburn's attempt to avoid the requirement that Zenar be represented by counsel and turns to whether GEVHC's request for entry of a default judgment against Zenar is warranted.

"Default judgment for failure to defend is appropriate when the party's conduct includes 'willful violations of court rules, contumacious conduct, or intentional delays.'"  *Ackra Direct Mktg.*, 86 F.3d at 856.  Approximately one year has passed since this action's commencement in state court and removal to federal court, and more than five months have passed since GEVHC filed its motion for default judgment against Zenar.  Despite Redburn's request for an opportunity to obtain counsel for Zenar in his response to GEVHC's motions and his acknowledgement at the motion hearing of Zenar's default, Zenar has not appeared through counsel in the weeks since the motion hearing.  On this record, the Court concludes that Zenar has intentionally defaulted and that a default judgment is appropriate.  *See Hall v. T.J. Cinnamon's, Inc.*, 121 F.3d 434, 435 (8th Cir. 1997).

Having defaulted, Zenar has admitted all well-pleaded allegations in GEVHC's Complaint.  *See Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc.*, 370 F.3d 715, 721-22 (8th Cir. 2004); *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 n.7 (8th Cir. 1988).  Zenar has therefore admitted that GEVHC is the rightful owner of the Crystal Property and that Redburn

fraudulently conveyed the property to Zenar by deed.  The Court grants GEVHC's motion for default judgment.

*Partial summary judgment*

GEVHC separately moves for summary judgment on its claims against Zenar and Redburn to quiet title and for slander of title.  Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The movant "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant satisfies its burden, the non-moving party must respond by submitting evidentiary materials that "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

GEVHC's motion for partial summary judgment relies heavily on orders issued by Minnesota's Fourth Judicial District.  On November 2, 2006, the state court dismissed an amended complaint filed by Redburn and a company against GEVHC and its owner, Fred Ehlert.  The amended complaint included a claim for specific performance of an alleged agreement by Ehlert to transfer the Crystal Property to Redburn.  On December 21, 2006, the state court granted GEVHC and Ehlert's request for an immediate writ of recovery for the Crystal Property.  In an attached memorandum, the state court wrote:

> Beyond his contempt of Court, Redburn attempted to commit fraud on this Court by referencing a Warranty Deed that he filed on November 27, 2006 (he did this weeks *after* the Court's Order finding in favor of GEVHC and Ehlert on this matter) that bears an apparently forged notary signature. Defendants provided a copy of the Warranty Deed to the Court, along with three other documents bearing the signature [of ] the same notary, to evince their suspicion. The Court called in the notary, Elizabeth Strand, and asked to look at other documents bearing her signature before showing her the Warranty Deed. After viewing Miss Strand's signature on her driver's license and attorney registration card, the Court was further convinced that Redburn's Warranty Deed was fraudulent. When Miss Strand viewed the signature bearing her name on the Warranty Deed, she stated that she did not believe it was hers.

(Footnote omitted). The warranty deed mentioned in the quotation above is the same deed that allegedly transferred the Crystal Property from GEVHC to Zenar. On January 2, 2007, the Hennepin County Sheriff's Office executed the writ of recovery.

Approximately three weeks later, Zenar brought an eviction action in state court against Ehlert and GEVHC. Redburn signed the complaint for Zenar. Zenar was awarded a default judgment allowing it to recover possession of the Crystal Property. On February 7, 2007, the judgment was vacated.

On February 26, 2007, Zenar brought another eviction action in state court against Ehlert and GEVHC. As he had done before, Redburn signed the complaint for Zenar. In the complaint, Zenar alleges that it is the "landlord/owner" of the Crystal Property and that "[s]aid ownership is pursuant to a deed from Defendant GEVHC, LLC to ZENAR Investments, Inc. dated September 1, 2005 and filed November 2006." The court dismissed the case with prejudice because Zenar's claim rested on a fraudulent warranty deed.

In the meantime, on January 12, 2007, Redburn trespassed on the Crystal property. On March 19, 2007, the state court found Redburn guilty of misdemeanor trespassing on stipulated facts. In an attached memorandum, the state court rejected Redburn's argument that he had a right to be on the Crystal Property:

5

> [Redburn] cannot maintain a reasonable, bona fide claim of right to be on the property based solely on the fact that the property records of Hennepin County currently list Zenar as the owner of the property. Although title to the property has not yet been adjudicated, there is strong evidence that Zenar's claim of ownership is based on a fraudulent deed. . . . In light of [the December 21, 2006,] determination that Zenar's Warranty Deed was fraudulent, [Redburn] cannot maintain a reasonable, bona fide claim of right based on Zenar's alleged ownership of the property.

In addition to the state-court proceedings summarized above, GEVHC relies on the affidavit of Elizabeth Strand, who allegedly notarized the warranty deed, to support its motion. In her affidavit, Strand states that "[t]he notarial signature on the Deed is not [her] signature."

In response, Redburn avers that the warranty deed at issue in this case "was properly executed and filed pursuant to Minnesota Statutes." Without regard to Zenar's default and Redburn's attempt to assert pro se Zenar's interest as assignee, Redburn's conclusory response does not raise a genuine issue of material fact as to whether the deed is fraudulent. *See Grabovac v. Allstate Ins. Co.*, 426 F.3d 951, 955 (8th Cir. 2005); *Lefkowitz v. Citi-Equity Group, Inc.*, 146 F.3d 609, 611 (8th Cir. 1998). Moreover, neither Redburn nor Zenar can contest the fraudulent nature of the deed given the state-court rulings summarized above. *See Hauschildt v. Beckingham*, 686 N.W.2d 829, 837 (Minn. 2004). Accordingly, the Court grants GEVHC's motion for partial summary judgment insofar as GEVHC seeks declarations that the deed is null and void, and that neither Zenar nor Redburn has an interest in the Crystal Property.

The Court turns to GEVHC's claim against Zenar and Redburn for slander of title. The elements of this claim are: (1) a false statement concerning real property owned by the plaintiff; (2) publication of the false statement to others; (3) the false statement was published maliciously; and (4) publication of the false statement concerning title to the property caused the plaintiff pecuniary loss in the form of special damages. *Paidar v. Hughes*, 615 N.W.2d 276, 279-80 (Minn. 2000). "The filing of an instrument known to be inoperative is a false statement that, if

6

done maliciously, constitutes slander of title." *Id.* at 280. "The element of malice requires a '[r]eckless disregard concerning the truth or falsity of a matter . . . despite a high degree of awareness of probable falsity or entertaining doubts as to its truth.'" *Brickner v. One Land Dev. Co.*, 742 N.W.2d 706, 711-12 (Minn. Ct. App. 2007) (quoting *Contract Dev. Corp. v. Beck*, 627 N.E.2d 760, 764 (Ill. App. Ct. 1994)), *rev. denied* (Minn. Mar. 18, 2008).

Here, Zenar, through Redburn, filed a fraudulent deed that purported to transfer the Crystal Property from GEVHC to Zenar. Redburn's attempt to commit fraud on the state court by submitting a deed that bears a forged signature and Redburn's and Zenar's continued reliance on the fraudulent deed in subsequent state-court proceedings evince Redburn's and Zenar's malice in publishing the deed. GEVHC has sustained special damages in the form of attorney fees necessary to clear title to the Crystal Property. *See Paidar*, 615 N.W.2d at 280; *Brickner*, 742 N.W.2d at 712. Viewed in the light most favorable to Redburn and Zenar, the record reveals that they are liable to GEVHC for slander of title.

The Court will consider the amount of attorney fees to award GEVHC after entry of final judgment. GEVHC shall serve and file a motion for attorney fees within thirty days after final judgment. *See* D. Minn. LR 54.3(b). Redburn and Zenar shall respond within ten days of service of the motion.

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. GEVHC's motion for default judgment [Docket No. 28] is GRANTED.

2. GEVHC's motion for partial summary judgment [Docket No. 38] is GRANTED.

3. The Warranty Deed dated September 1, 2005, and filed with the Hennepin County Recorder on November 27, 2006, as document number 8896991 is null and void.

4. Neither David T. Redburn nor Zenar Investments, Inc., has any right, title, interest, or estate in the real property described as follows:

    The West 165 feet of the East 300 feet of Lot 7, Glenwood Manor, Hennepin County, Minnesota

    PID 16-118-21-23-0048

    Commonly known as 4100 Brunswick Avenue North, Crystal, Minnesota.

5. David T. Redburn and Zenar Investments, Inc., are liable to GEVHC, LLC, for slander of title.

Dated:  August 20, 2008

s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge
